**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REBECCA M. CANNON, | No. 12-35012 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00083-LRS |
| v. | |
| SPOKANE MERCHANTS ASSOCIATION, a Washington corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted November 7, 2012
Seattle, Washington

Before: W. FLETCHER and FISHER, Circuit Judges, and QUIST, District Judge.[**]

Appellant Rebecca M. Cannon appeals the district court's judgment

dismissing her complaint for lack of subject matter jurisdiction on the basis of the

*Rooker-Feldman* doctrine. We vacate and remand.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The Honorable Gordon J. Quist, Senior United States District Judge for the Western District of Michigan, sitting by designation.

1. The district court erred in concluding that the *Rooker-Feldman* doctrine applies to this case. Cannon is not a state-court loser complaining of injuries caused by an allegedly erroneous state court judgment, nor does she seek relief from the state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Because she "asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). That the subject matter of the federal action may be "intertwined" with the subject matter of the state court action does not require dismissal under *Rooker-Feldman*, because Cannon does not seek to bring a de facto appeal of a state court judgment. *Id.* at 1158 ("Only when there is already a forbidden de facto appeal in federal court does the 'inextricably intertwined' test come into play . . . .").

2. Because the district court clearly "reaffirm[ed] its dismissal of plaintiff's claim on *Rooker-Feldman* grounds," which is jurisdictional, we construe the court's order to not reach the issue of res judicata, which is an affirmative defense that goes to the merits of Cannon's claims. *See Exxon Mobil*, 544 U.S. at 293. The applicability of this defense involves issues of state law that were not analyzed by the district court in its order denying reconsideration. Additionally, resolution of this issue requires further development and explication of the factual

2

basis for Cannon's claims than was presented to this court. We therefore decline to reach the applicability of res judicata and leave it to the district court to determine in the first instance should Spokane raise the issue on remand. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1143-44 (9th Cir. 2004) (discussing examples of state preclusion law and remanding for the district court to determine in the first instance after reversing the district court's dismissal on *Rooker-Feldman* grounds).

**VACATED AND REMANDED**.